EMORANDUM OPINION 






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




CALVIN RICHARDSON,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-03-00256-CR

Appeal from the

161st District Court

of Ector County, Texas 

(TC# B-30,414) 





MEMORANDUM OPINION

           Calvin Richardson appeals from his conviction by a jury of the offense of theft of
$1,500 or more but less than $20,000. The jury assessed his punishment at two years in a
state jail facility. In a single issue, he contends that the trial court erred by overruling his
objection to a question that he argues bolstered the testimony of the unimpeached State’s
witness. We affirm.
           Richardson was convicted of stealing Playstation 2 game units from Wal-Mart, where
he was an employee. Ysenia Ortiz, an employee in Wal-Mart’s loss prevention department,
presented a security video, which included Richardson, to the jury. She testified that the
video equipment in the courtroom was not as crisp and clear as the equipment in her store. 
 The prosecutor asked Ortiz whether she could see on her equipment what Richardson had
in his hands. She answered, “Yeah. You could see a box--boxes.” Richard’s counsel then
objected, saying, “Your Honor, I would object on saying on her equipment. The evidence
should speak for itself.” He also urged, “What I am saying is, he asked what it showed on
her equipment. I don’t see how she can testify on anything but from what the jury can see. 
That is the evidence in the courtroom.” A defendant must make a timely objection in order
to preserve error in the admission of evidence. Rule 33.1, Tex. R. App. P.; Lagrone v. State,
942 S.W.2d 602, 618 (Tex. Crim. App. 1997); Dinkins v. State, 894 S.W.2d 330, 355 (Tex.
Crim. App. 1995). An objection should be made as soon as the ground for objection
becomes apparent. Lagrone, 942 S.W.2d at 618. If a defendant fails to object until after an
objectionable question has been asked and answered, and he can show no legitimate reason
to justify the delay, his objection is untimely and error is waived. Id. Richardson shows no
legitimate reason to justify the delay in presenting his objection. Therefore, his objection is
untimely and any error is waived. We overrule Richardson’s sole issue.
           The judgment is affirmed.
 
                                                                  JOHN HILL, Chief Justice (Ret.)
April 28, 2005

Before Panel No. 5
Barajas, C.J., Chew, J., and Hill, C.J. (Ret.)
Hill, C.J. (Ret.) sitting by assignment
 
(Do Not Publish)